IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                       CRIMINAL NO. 3:03-00099-01
                                       (CIVIL ACTION NO. 3:04-1224)

ROBERT D. PARKS,

        Movant.

**FINDINGS AND RECOMMENDATION**

On September 15, 2003, following his plea of guilty to an information charging knowing possession of a stolen firearm, Robert D. Parks was sentenced by the Court to a term of imprisonment of 16 months to be followed by three years of supervised release. Parks did not appeal his sentence. On November 12, 2004[1], he filed a motion under the provisions of 28 U.S.C. §2255, asking the Court to correct his sentence insofar as it related to his term of supervised release. In his motion, Parks asserts that "the district court increased petitioner's punishment by increasing him to a term of supervised release based on factual findings that were not reflected in facts admitted to by petitioner," citing the Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004)."[2] Inasmuch as "it plainly appears from the face of the motion

---

[1] The motion was signed by Parks on November 12, 2004. See, Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] Parks' motion was filed prior to the Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).

... and the prior proceedings in the case that the movant is not entitled to relief,"[3] dismissal without requiring a response from the United States is appropriate in this case.

Section 2255 motions are subject to a one-year statute of limitations which generally begins to run on the date "a judgment of conviction becomes final." In this case, movant's conviction became final in September of 2003 as a consequence of his decision not to seek an appeal. While §2255 does provide for restarting the limitation period when the Supreme Court has announced a new rule that is "made retroactively applicable to cases on collateral review,"[4] in its decision in Booker, the Court expressly applied its holding only to cases on direct appeal, United States v. Booker, supra at 769 (Breyer, J.), and the Court of Appeals for the Fourth Circuit has concluded that "Booker does not apply retroactively to cases on collateral review." United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). In light of the fact that Booker is not applicable in this collateral proceeding, there is no basis for concluding that the one-year period of limitation began to run any later than September 29, 2003, the date on which movant's conviction became final. Parks' motion is, as a consequence, barred by section 2255's statute of limitations.

---

[3] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In this case, it is "indisputably clear ... that the petition is untimely and cannot be salvaged... ." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

[4] Clearly, none of the other triggering events – an "impediment ... created by governmental action" or newly discovered facts – are present in this case. Nor is there any basis for applying the doctrine of equitable tolling. See, Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

## **RECOMMENDATION**

It being apparent that the motion filed by Parks is untimely by reason of the applicable statute of limitation, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: January 4, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE